E-FILED
Monday, 10 February, 2020 11:50:51 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHARLES F. BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CV-2386-CSB-EIL |
| v. | ) | |
| | ) | |
| DEE BURGIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTIONS AND MOTION TO BAR WITNESSES AND EXHIBITS**

Defendants, DEE BURGIN, JEFF WOOD and EDGAR COUNTY, by one of their attorneys, Gail L. Reich, for their Objections and Motion to Bar Witnesses and Exhibits, state:

**THE TESTIMONY OF ED MOTLEY AND JEFF WOOD SHOULD BE BARRED[1]**

Plaintiff identified Edward Motley and Jeff Wood as witnesses at trial. On June 27, 2018, Plaintiff disclosed Motley as a "person likely to have knowledge of the facts of this case." Motley is described to have "information relevant to the claims and allegations in this complaint in that he has knowledge of the regular practices and behaviors of Defendant Dee Burgin and the policies and procedures relative to Edgar County Sheriff's Deputies." Plaintiff also disclosed Motley in response to Interrogatory No. 2, which sought the identification of persons who witnessed or claimed to have witnessed the occurrence or who claimed to have knowledge of any matters concerning the occurrence, stating, [Motley]"has information relevant to the claims and allegations in this complaint, in that he has knowledge of the regular practices and behaviors of Defendant Dee Burgin and the policies and procedures relative to Edgar County Sheriff's Deputies." *See* Plaintiff's Fed.R.Civ.P. 26(a) Supplemental Disclosure and Supplemental

[1]Defendants moved to bar the testimony of Motley and introduction of certain evidence relating to the *Cianfaglione* case and Burgin's wrongful termination in their Motion *In Limine* nos. 3, 6, 12. Doc. 90. Plaintiff's Responses and Objections to Defendant's Motions *In Limine* addresses some of the issues raised. Doc. 93.

Response to Interrogatories, attached as Exhibits 1 & 2, respectively. Sheriff Wood was disclosed in a similar manner. According to Plaintiff, Wood apparently "has information relevant to the claims and allegations in this complaint and has knowledge of the regular practices and behaviors of Defendant Dee Burgin." *See* Plaintiff's Rule 26(a) Disclosures, attached as Exhibit 3. Evidence of Burgin's "regular practices and behaviors" is irrelevant. Rule 401. Even if such testimony were relevant, any probative value would be outweighed by unfair prejudice. Rule 402, 403. But more importantly, these are classic attempts at the introduction of propensity evidence, which is expressly prohibited under Rule 404(b).

To the extent Plaintiff may seek to elicit testimony with respect to any "practices" or "behaviors" of Burgin, Motley has never participated in any of Burgin's arrests. So he does not have any personal knowledge or relevant information. His testimony at trial would be intended to show propensity and to inflame the jury and embarrass the Defendants, which would be prohibited under Rules 403 and 404. Though Wood may have more familiarity with Burgin, Rules 403 and 404 would also prohibit his testimony for the same reasons. Because even if it were relevant, such evidence is more prejudicial than probative and should be barred. Fed.R.Evid. 401, 402, and 403.

What Plaintiff has made clear is that he intends to inject the case of *Cianfaglione v. Rogers, et. al.,*10-cv-2170 into this trial to dirty-up Burgin. *Cianfaglione* concerned an alleged unlawful strip search that occurred in August 2008 at the behest of Burgin and his co-defendant, by a female officer at the Edgar County Jail. There, Burgin and his co-defendant were found liable and both compensatory and punitive damages were assessed against them. However, both parties filed cross appeals and the matter was ultimately settled.

Plaintiff has represented to this Court that he does not intend to offer evidence of the

*Cianfaglione* verdict "to prove actions in conformity with other bad acts or to prove a propensity towards acting outside of constitutional boundaries." Doc. 93 at p. 5. Accordingly, Plaintiff should not be permitted to inject any purported evidence of Burgin's "practices, behaviors or habits."

But Plaintiff does intend to elicit testimony that Motley subsequently fired Burgin on August 1, 2012, citing two reasons for Burgin's termination: (1) Burgin was a Probationary Deputy, and (2) Burgin had been found liable in *Cianfaglione.* Burgin was subsequently reinstated on May 12, 2014, after he grieved the termination and it was determined that his termination was wrongful.

Plaintiff intends to argue before the jury that Burgin's termination was justified, that he should have undergone additional training in order to be reinstated, and the trial findings and termination did nothing to stop him from subsequently violating Plaintiff's rights seven years later in a completely different way. Doc. 93 at p. 5. Such evidence or argument should be barred because it was never disclosed, is irrelevant and inadmissible under Fed.R.Evid. 401 and 402, any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and a waste of time under Rule 403 and because it constitutes improper character evidence under Rule 404(b).

As an initial matter, neither disclosure for Motley or Wood puts Defendants on notice that they will testify concerning the outcome of the *Cianfaglione* case or Burgin's wrongful termination. If Plaintiff intended to call Motley or Wood for such a purpose, he was under the obligation to supplement or correct his disclosure. Fed.R.Civ.P. 26(e); *Gonzlez v. Olson,* 2015 WL 3671641 (N.D.Ill.). Because Plaintiff's disclosures of these witnesses did not identify the subject matter of their testimony to be Burgin's termination, finding of liability, or assessment of

punitive damages in *Cianfaglione v. Rogers, et. al.,* 10-cv-2170, their testimony should be barred.

Even assuming the information contained in either disclosure were sufficient to put Defendants on notice that Motley or Wood would testify concerning the *Cianfaglione* case, their testimony should still be barred. Neither Motley nor Wood was on scene at the time of the Barrett incident or the *Cianfaglione* incident. Because neither Motley nor Wood has personal knowledge of any of the events at issue, they cannot provide any relevant testimony which would assist the jury in the determination of any material issue—whether Burgin coerced a confession, caused Plaintiff severe emotional distress or retaliated against Plaintiff for exercising his First Amendment rights. Fed.R.Evid. 401, 402.

Although Plaintiff claims he does not intend to offer evidence of the *Cianfaglione* verdict for propensity, he asserts that evidence of other acts of a defendant can be admitted at trial to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, subject to Rule 403. *Id.* By seeking to introduce the testimony of Motley and Wood concerning the *Cianfaglione* case, under the guise of intent, opportunity or knowledge, Plaintiff is simply an attempting to circumvent Fed.R.Evid. 404(b) by claiming that the conduct here was not deterred by a prior award of punitive damages. Plaintiff fails to acknowledge the seven years that separate these incidents and the difference in circumstances that make the incidents distinguishable and therefore any probative value achieved by the introduction of evidence about the *Cianfaglione* case would be outweighed by the danger of unfair prejudice. Fed.R.Evid. 403.

According to Plaintiff, because Burgin did not end up paying punitive damages due to settlement, believes that the finding of liability was incorrect, and grieved his improper

termination, he was neither punished nor deterred from violating Plaintiff's rights under completely different circumstances seven years later. This is simply not true. First, in *Cianfaglione,* the parties settled after filing cross appeals. So, although a verdict was reached and a judgment entered, there is no evidence that Plaintiff sought to collect against the verdict and ultimately, the case settled, which only occurs after the parties agree to dismiss their appeals. There is no telling what the outcome could have been. That settlement should not be held against Burgin. Second, Burgin testified in his deposition that being property trained and educated in constitutional issues as a law enforcement officer is of the utmost importance. Doc. 93-1. So, the fact that he stated he did not learn anything, after compromising his right to pursue the appeal, says nothing about his respect for the Constitution and the rights of the public. Third, the circumstances and allegations in the instant case are very different from *Cianfaglione*. That case did not involve entry into a garage, coercing a confession, violating First Amendment Rights, trespass, assault, battery, or the use of a taser, as alleged here. In sum, the type of evidence that Plaintiff seeks to introduce here at trial, is exactly the type of evidence that Rule 404(b) and Rule 403 prohibits, because it is dissimilar.

The Federal Rules of Evidence prohibit the use of "other crimes, wrongs, or acts…to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). Such acts are admissible, if offered for other purposes, such as motive, intent, plan or opportunity. Fed.R.Evid. 404(b); *Treece v. Hochestetler*, 213 F.3d 360, 363, n.7 (7th Cir. 2000).

Trial judges are to apply a four-prong test to determine the admissibility of other bad acts. *Treece*, 213 F.3d at 363. First, proof of the other act must be directed towards establishing a matter in issue other than the defendant's propensity to commit like conduct. Second, the other act must be of recent vintage and sufficiently similar to be relevant to the matter at issue. Third,

there must be a sufficient amount of evidence for the factfinder to conclude that the similar act was committed. And fourth, the probative value of the evidence must not be outweighed by the danger of unfair prejudice.

Plaintiff cannot meet those four prongs. First, as explained, the evidence would not be used to establish a matter in issue—whether Burgin coerced a confession, retaliated against plaintiff for asserting his First Amendment rights, or caused him severe emotional distress. Second, the two incidents occurred seven years apart and therefore the *Cianfaglione* incident is not "of recent vintage," and, as explained, the conduct at issue here is very different from the conduct in *Cianfaglione.* Due to the dissimilarity, Plaintiff cannot meet the second or third prong. Fourth, there is every expectation that the probative value of the evidence would be outweighed by the unfair prejudice of the introduction of *Cianfaglione* testimony and evidence. The jury would undoubtedly perceive it as evidence of propensity, which is expressly prohibited under Fed.R.Evid.404(b). Nor does it have any bearing on the determination of damages on those or any other of Plaintiff's previously adjudicated claims. Fed.R.Evid. 401, 402. Moreover, even if Burgin's wrongful termination were relevant, the probative value is substantially outweighed by the danger of unfair prejudice, it would confuse this issues, mislead the jury, and be a waste of time. Consequently, under *Treece,* all evidence concerning *Cianfaglione* should be excluded, thereby rendering it unnecessary to call Motley or Wood at trial.

Even if the *Cianfaglione* evidence were admissible, any testimony from Motley or Wood would be cumulative and a waste of time because the evidence could be established without the need for their testimony, and the danger of unfair prejudice outweighs any probative value under Rule 403.

By seeking to introduce the testimony of Motley and Wood concerning the *Cianfaglione*

case, under the guise of intent, opportunity or knowledge, Plaintiff is simply an attempting to circumvent Fed.R.Evid. 404(b) by claiming that the conduct here was not deterred by a prior award of punitive damages. Plaintiff fails to acknowledge the seven years that separate these incidents and the difference in circumstances that make the incidents distinguishable and therefore any probative value achieved by the introduction of evidence about the *Cianfaglione* case would be outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. Therefore, for the foregoing reasons, Edward Motley and Jeff Wood should be barred as witnesses.

**THE PHOTOGRAPH DEPICTING ERIK REDWOOD SHOULD BE BARRED**

Plaintiff identified "Photographs of interior of Charles Barrett's garage" as Exhibit 4. Among the photographs tendered in discovery was a photograph of Erik Redwood, Mrs. Redwood's husband and paralegal, standing in Barrett's garage, holding a spray can, and pointing it at the camera. *See* Exhibit 4. Perhaps this is Mr. Redwood's interpretation of the events in some way, but it is neither a fair nor accurate photograph showing either party on the date of incident. The photograph is highly prejudicial, depicting a man with a sinister look and a spray can. Given the fact that it does not depict either of the parties and Erik Redwood is expected to be present and assisting Mrs. Redwood throughout the trial, a photograph depicting him is improper and highly prejudicial. There are other photographs available which can be used to show where Burgin was standing, and plaintiff is free to demonstrate the facial expressions of Burgin as he recalls them. Further, Defendants have identified Burgin's Taser as an exhibit. Plaintiff can show the jury how Burgin was holding the Taser. The photograph is unnecessary and prejudicial given its subject. Consequently, the photograph should be barred.

WHEREFORE, for the foregoing reasons, Defendants object to the Plaintiff's witnesses and exhibits and move to bar Edward Motley and Jeff Wood from testifying in this matter and to bar plaintiff from introducing into evidence a photograph depicting Erik Redwood and for any other relief this court deems just and proper.

Respectfully submitted,

**DEE BURGIN, JEFF WOOD,**
**EDGAR COUNTY**

By: *s/Gail L. Reich*

Gail L. Reich, #6279564
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax: 847/291-9230
Email: greich@okgc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHARLES F. BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CV-2386-CSB-EIL |
| v. | ) | |
| | ) | |
| DEE BURGIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2020, I electronically filed ***Defendants' Objections and Motion to Bar Plaintiff's Witnesses and Exhibits*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

Jude Marie Redwood
Redwood Law Office
redwoodlaw42@hotmail.com

By: *s/Gail L. Reich*

Gail L. Reich, #6279564
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Phone 847/291-0200
Fax: 847/291-9230
Email: greich@okgc.com